[L. A. No. 148.    Department One.—July 9, 1897.].

## JOSEFA M. DE LA GUERRA, APPELLANT, *v.* CITY OF SANTA BARBARA, RESPONDENT.

PUEBLO LANDS—PREFECT GRANT—FAILURE OF AYUNTAMIENTO TO ACT—
PATENT TO COMMON COUNCIL—ADVERSE TITLE NOT CONFIRMED. — A
grant of pueblo lands made by a prefect whose jurisdiction extended
over a district which included a pueblo, but who was not an officer of
the pueblo, nor a member of the ayuntamiento, was not an exercise of
the authority of the pueblo, and where there was a failure of the ayunta-
miento to act in approval or confirmation of the grant, the confirmation
of the pueblo claim, and the issuance of a patent therefor to the com-
mon council of the city could not inure to the benefit of the grantee of
the prefect, but his title or claim being adverse to that of the pueblo,
such grantee was required to present his claim to the land commission-
ers for confirmation, and upon failure so to do, the prefect grant is an
insufficient basis for recovery of the land granted.

ID.—INVALID DEED FROM COMMON COUNCIL AS CORRESPONDING TITLE —
NONCONFORMITY TO ORDINANCE.—A deed executed by city officers un-
der authority of the common council as "corresponding title," upon
petition of the holder of the prefect grant, cannot be considered as the
source of any new title, where there was an ordinance in force making
certain proceedings requisite to any sale of city lands, and the court
found that none of its requirements were observed, and it appears that
the common council had no authority to make a donation of any of its
lands, or to dispose of the same except by sale in accordance with the
terms of the ordinance.

ID.—JURIDICAL POSSESSION—EVIDENCE—IMMATERIAL FINDING.—The pre-
fect title having failed, through lack of presentation for confirmation,
it is immaterial whether juridical possession was given under the grant,
and though affirmative evidence of such possession might be available
in proof of the original validity of the grant, yet a negative finding upon
that subject in the absence of such evidence, cannot be regarded as prej-
udicial.

APPEAL from a judgment of the Superior Court of Santa Barbara County and from an order denying a new trial.   W. B. COPE, Judge.

The facts are stated in the opinion of the court.

*B. F. Thomas,* for Appellant.

*Thomas McNulta, City Attorney,* and *Jarrett T. Rich-ards,* for Respondent.

Harrison, J.—Ejectment for a lot of land in the city of Santa Barbara. Judgment was rendered in favor of the defendant, and the plaintiff has appealed. The land in question is a portion of the pueblo lands of Santa Barbara which were patented by the United States to the mayor and common council of the city of Santa Barbara, May 31, 1872. The plaintiff's right of recovery depends upon the validity of a grant claimed to have been made to her predecessor November 10, 1849. The court finds in reference to this grant:

"III. That on the fifteenth day of January, A. D., 1868, a document in the Spanish language was recorded in the office of the county recorder of Santa Barbara, state of California, at the request of Miguel de la Guerra, of which the following is a translation in English:

"'Joaquin Carrillo to Miguel de la Guerra.

"'Mr. Alcalde of this jurisdiction: I, Miguel de la Guerra, a resident of this town, as it may seem best I appear before you and say: That desiring to possess a lot in this town and being informed that the land lying in front of the house of Don Jose de la Guerra, and adjoining that of Francisco Leyva and Jose Maria Miranda on one side, and on another fronting that of Dona Isabel Yorba and Don Octaviano Gutierrez, ask it be granted to me fifty varas square, leaving that which is necessary for the streets that pass through said land. All of which I pray it be attended to by justice, paying the customary fees.

"'Santa Barbara, August 26, 1849.

"'Miguel de la Guerra.'"
"'Court of Santa Barbara, Aug. 26, 1849.

"'Let the present matter pass to the secretary (secretario) of the council (ayuntamiento) for a report as to whether the said lot be or be not vacant land.

"'Octaviano Gutierrez,
"'Secretary of the Illustrious Council.
.Ayuntamiento, August 26, 1849.

"'In accordance with the foregoing decree of the

court the secretary hereby reports that the tract of land which is petitioned for is vacant, although something was said in the council (ayuntamiento) in regard to dedicating it for plaza, nothing was resolved thereupon, and there appears nothing in the minutes of this body declaring the same a plaza, and therefore it is vacant land; this is all that this secretary (secretario) can report concerning the information prayed for.

"'ANTO. MA. DE LA GUERRA,<br>" 'Br. Srio.

"'PREFECTURE SANTA BARBARA,<br>"'November 10, 1849.

" 'Pursuant to the foregoing report stating that the land solicited has never been declared plaza and the same being actually vacant land, let title be issued to the interested party in accordance therewith, stating the number of varas contained in said land, and recording these presents in the court of this place.

" 'The prefect of this place has so decreed, ordered, and signed.                    " 'J. CARRILLO.' "

" That the original of this document was prior to the commencement of this action lost or destroyed, when and under what circumstances it does not appear."

"IV. That at the time in the said document displayed, November 10, 1849, Joaquin Carrillo was acting as prefect of the district embracing the said pueblo of Santa Barbara.   That said Joaquin Carrillo was, on the sixth day of September, 1849, appointed prefect of said district by Governor Riley, military governor of California, his office to date from August 1, 1849; that on the sixteenth day of September, 1849, he entered into the performance of the duties incidental to said office."

The court also found that " said prefect grant was not made by and was not the act of, nor was it ratified or adopted as the act of the said ayuntamiento of the pueblo of Santa Barbara." The appellant contends that this latter finding is not sustained by the evidence, and that it appeared from the evidence before the court

that it was the grant of the ayuntamiento and not of the prefect.

Upon the face of the grant it purports to have been made by the prefect, and in the absence of any other evidence would have been so held by the court. Although the petition of De la Guerra was addressed to the alcalde, and the secretary of the ayuntamiento under instructions therefor reported that the land was vacant, the ayuntamiento took no further action upon the petition, but Carrillo, who was afterward appointed prefect, assumed authority in the matter, and as prefect made the grant. The concluding sentence, " The prefect of this place has so decreed, ordered, and signed," was the ordinary form used by prefects in making grants. The court, moreover, found, in accordance with evidence therefor, that there are in the office of the county recorder of the county of Santa Barbara two certain books of record of the proceedings of the ayuntamiento of the pueblo of Santa Barbara, entitled respectively " Actas ó Acuerdos del Ayuntamiento " (containing the minutes of the proceedings of the ayuntamiento), and " Libro de Solares y Terrenos de Labranza " (containing the grants of lots and lands of the pueblo); that these constitute the only existing records of the acts and proceedings of the ayuntamiento; that the said book of " Actas ó Acuerdos del Ayuntamiento " contains the minutes of the ayuntamiento for a period commencing on March 13, 1849, and ending the end of March, 1850, and no reference is made in this book to the pretended grant evidenced by such document signed by J. Carrillo, or to any proceedings had in reference to the same, or to the premises the subject of the same, and said prefect grant, or any reference thereto, does not appear in the said book of " Solares y Terrenos." In the absence of any further evidence upon this subject, the entire want of any record of the grant would of itself have authorized a finding by the court that the land had never been granted by the ayuntamiento. The plaintiff, however,

offered evidence for the purpose of showing that these records were not completed or conclusive, and in order that the court might find that this grant was made by the ayuntamiento; but the evidence introduced had no greater effect than to create a conflict of the evidence upon the issue. There was testimony that there had been another book of grants which was lost, but there was no testimony that it contained any record of this grant; and it was also shown that the ayuntamiento had made grants of land of which there was no record in the book of acuerdos, and also that it had made grants under the direction of the prefect. These were, however, only facts from which the inference might be made that the grant in question was an act of the ayuntamiento, but did not require the court to make such inference. It must be assumed, in support of the ultimate finding of the court, that the inference of fact which it made from this evidence was contrary to the contention of the plaintiff, and upon this appeal such inference is conclusive.

It is not very clear whether, under the laws of Mexico, a prefect in California had authority under any circumstances to grant lands within the limits of a pueblo, nor is it necessary to determine the question in the present case. The jurisdiction of the prefect extended over a district which may have included a pueblo, but he was not an officer of the pueblo nor a member of the ayuntamiento, and the authority which he exercised was chiefly of a police and ministerial nature. If, however, the prefect did under any circumstances have authority to grant lands within a pueblo, such grant was not an exercise of the authority of the pueblo, but was made under a power independent of that of the pueblo. The title thus conveyed to his grantee was not the title of the pueblo, but was a title adverse to that of the pueblo. (*Ohm* v. *San Francisco*, 92 Cal. 437.) Being a grant independent of the pueblo, the confirmation of the pueblo's claim did not inure to the benefit of the grantee, but he was required to present his claim there-

for to the land commission for confirmation in the same manner as a claimant under a grant by the governor of lands situated within the pueblo. (*Leese* v. *Clark*, 18 Cal. 535; *More* v. *Steinbach*, 127 U. S. 70; *Botiller* v. *Dominguez*, 130 U. S. 238.)

In June, 1851, Antonio Maria de la Guerra presented a petition to the common council of Santa Barbara, on behalf of the foregoing grantee, setting forth that there had been granted to him in 1850 "the land which lies in front of the house of Don Jose de la Guerra, and not having the deeds in my possession (as his attorney in fact) I appear by these presents asking that the *corresponding titles* be extended to me." The records of the city council show that the petition was granted, but no further action appears to have been taken until August, 1852, when the petition was renewed, and the action of the former council affirmed, and on December 16, 1852, a deed evidencing the prefect grant was issued by the officers of the city for the property described therein. This deed was lost or destroyed, and was never recorded in the records of the city or of the county of Santa Barbara, and the court finds that the only evidence of its delivery is what is presumed from a memorandum on the back of the petition in the handwriting of the secretary of the common council: "Title for a lot of fifty varas in front of the house of Jose de la Guerra y Noriega, issued December 16, 1852." The petition was in the Spanish language, and the phrase therein "titulos correspondientes," which in the translation is rendered "corresponding titles," was shown to signify the paper necessary to complete the grant in conformity with the statement in the petition, and the court finds that "said deed was issued as the 'corresponding title' prayed for in the petition, and did not constitute or evidence any new or different grant, conveyance, or title." The deed was lost, and, in the absence of any satisfactory evidence of its terms, we cannot say that the above finding is not sustained by the evidence. At the time of its issuance there was an

ordinance in force in the city of Santa Barbara making certain proceedings requisite to any sale of the city lands, and the court finds that none of these requirements were observed in reference to the action upon the petition for the "corresponding title." The deed, therefore, cannot be considered as the source of any new title, for the reason that at that time the common council of Santa Barbara had no authority to make a donation of any of its lands, or to dispose of them, except by sale, in accordance with the terms of this ordinance. In fact, the appellant does not contend that the deed was issued for land sold by the city, but claims that it was merely issued to supply a lost grant.

In view of the conclusion that the grant of the prefect was insufficient as a basis of recovery, the finding of the court that no juridical possession was given under the grant, is of no moment. The appellant does not claim that there was any evidence that such possession was given, and, while affirmative evidence of that character might have been available in support of the validity of the original grant, a negative finding upon the subject in the absence of such evidence cannot be invoked as prejudicial error.

The judgment and order are affirmed.

VAN FLEET, J., and GAROUTTE, J., concurred.