[Crim. No. 345.   Second Appellate District.—December 4, 1914.]

## THE PEOPLE, Respondent, v. F. A. PEERY, Appellant.

CRIMINAL LAW—ORDER DENYING MOTION IN ARREST OF JUDGMENT—NON-APPEALABLE.—No appeal lies from an order denying a motion in arrest of judgment, although such ruling is subject to review on appeal taken from the judgment.

ID.—RAPE—PROSECUTRIX UNSOUND OF MIND—WEIGHT OF CONFLICTING EVIDENCE FOR JURY.—In a prosecution for rape, where the prosecution contended that the prosecutrix was of unsound mind and incapable of consenting to the illicit act, and the evidence was conflicting upon the question, it was the duty of the jury to determine the issue, and the appellate court will not consider on which side the weight of evidence preponderated.

ID.—LEGAL CONSENT—IMPAIRED MENTALITY.—Legal consent which would be held sufficient in such a case assumes a capacity in the person consenting to understand and appreciate the nature of the act committed, its immoral character and the probable and natural consequences which may attend it. Impaired mentality may exist and yet the individual may be able to exercise reasonable judgment with respect to the particular matter presented to his or her mind.

ID.—COMPETENCY OF PROSECUTRIX TO TESTIFY—RIGHT OF PARTIES TO EXAMINE HER.—In such a case either party was at liberty to call the prosecutrix to the witness chair and have her sworn, and the mere fact that it was alleged in the information that she was incompetent would not debar her from testifying. The witness would have been competent to testify, unless upon objection and after

examination before the court, it had been determined that she was incompetent.

ID.—FAILURE TO CALL PROSECUTRIX TO STAND—PROPER REFUSAL OF INSTRUCTION.—In such a case, either party being at liberty to call the prosecutrix to the stand, it was not error for the court to refuse to instruct the jury, at defendant's request, after a juror had asked to have the girl examined, that it was not to be taken as evidence in the case that the defendant did not call the witness, defendant's counsel insisting that she could not testify because the district attorney had charged in the information that she was incompetent.

ID.—ALLEGED MISCONDUCT OF DISTRICT ATTORNEY—PROPER INSTRUCTIONS.—It is held in this case that the record does not disclose any misconduct on the part of the district attorney in his argument, and that there was no error in refusing or giving instructions to the jury.

APPEAL from a judgment of the Superior Court of Kings County and from an order refusing a new trial. M. L. Short, Judge.

The facts are stated in the opinion of the court.

E. T. Cosper, for Appellant.

U. S. Webb, Attorney-General, and George Beebe, Deputy Attorney-General, for Respondent.

JAMES, J.—Appellant was convicted of the crime of rape and sentenced to serve a term of imprisonment in the penitentiary. Appeals were taken from the judgment and from an order denying a motion for a new trial. Counsel for appellant states that there is an appeal also from an order denying a motion made in arrest of judgment. No separate appeal lies from such an order, although that ruling is subject to review on the appeal taken from the judgment. (*People* v. *Rogers,* 163 Cal. 476, [126 Pac. 143].)

The female participant in the alleged crime was a girl of about nineteen years of age, the daughter, by a former marriage, of appellant's wife. It was alleged that the girl was of unsound mind and incapable of consenting to the illicit act. At a trial previously had appellant admitted the fact as to the intercourse had with the girl, and he at the time of his arrest made the same admission, in effect, to the arresting officer. These statements were proved before the jury. The grandmother of the girl testified that she had

known the latter since her birth and had seen her constantly during a great many of the years following that event, and as often as once a week during the five years immediately preceding the trial. She testified that the girl had always been weak mentally; that she could not be taught to read or spell or do sums in arithmetic, although she was sent to school and every effort made to teach her; that she could not count money and did not know the difference in value between a nickel and a twenty-five-cent piece. The physician who attended the girl upon the occasion of the birth of her child testified that she answered his questions vaguely and contradicted herself several times. He said: "In the dealings I have had with this girl she has appeared to me to be not violently insane or anything of that sort, but she does appear to me to be equipped with a grade of mentality that is insufficient to protect her from the common vicissitudes of life as they are likely to come to us, and on that ground I base my opinion that she is of unsound mind. . . . I don't consider she is in danger of becoming violent or a menace to herself or to her children or a menace to the people around her. She is suffering from a milder grade of not being sound; I think she isn't of the ordinary mentality." The girl sat in the courtroom and was pointed out and identified by a witness for the benefit of the jury. There was testimony introduced on behalf of appellant in defense of the charge which contradicted that of the prosecution touching the matter of the alleged unsoundness of mind of the girl. With the question as to whether this contradictory testimony was of preponderating weight, this court has nothing to do; the jury in the case had the right and it was their duty to finally settle any question arising out of a conflict of the evidence. It is claimed, however, that a question of law is presented on the evidence in the record, for the reason that the proof offered by the prosecution was not sufficient to warrant a finding, as the verdict implies, that the girl was incapable of consenting to an act of sexual intercourse. Legal consent which will be held sufficient assumes a capacity in the person consenting to understand and appreciate the nature of the act committed, its immoral character and the probable or natural consequences which may attend it. Impaired mentality may exist and yet the individual may be able to exercise reasonable judgment with respect to the particular matter presented to his or her mind. (*People*

26 Cal. App.—10

v. *Griffin,* 117 Cal. 583, [59 Am. St. Rep. 216, 49 Pac. 711].)
It will readily appear, then, that the question, as it is in-
volved in the special case presented, became peculiarly a
matter for the jury to pass upon. We may make answer to
the single query: Were there enough of facts, assuming the
truth of the testimony, presented by the prosecution from
which the jury could have reasonably concluded that the girl
was incapable of consenting to the act committed with her
by appellant? It must be said that there was some evidence
to justify this conclusion. The grandmother gave a fair his-
tory of the girl, dating from infancy. She told of the diffi-
culty with which the child had been taught even simple things.
The physician gave some facts which were relevant when he
referred to the vague answers given him by the girl and the
inconsistent statements made by her, and as to his opinion de-
rived from an observation of her while she was under his
care. Besides this, there was the evidence afforded by the
appearance of the girl, which is not illustrated in the record.
We must assume, if need be, that her appearance was such as
to afford some evidence material to the issue. When these
facts are considered altogether, it cannot be said that the con-
clusion of the jury in favor of the incapacity of the girl is
without support in the evidence.

The girl in question was not called as a witness either by
the prosecution or the defendant. In the course of the trial,
a juror asked that the girl be examined and the court re-
sponded that that was a matter for the attorneys to decide,
and counsel for appellant said: "The law says that where
they charge incompetency to commit a wrong that she can't
testify for the reason that she is incompetent; therefore she
isn't a competent witness." Then, after some further col-
loquy between the district attorney, court, and counsel for
appellant, the latter said: "We ask the court to instruct the
jury that it isn't to be taken as evidence in the case that the
defendant doesn't call the witness; that's the law." No error
was committed by the court in refusing to then instruct the
jury as desired by appellant. Either party was at liberty to
call the girl to the witness chair and have her sworn, and the
mere fact that it was alleged in the information that she
was incompetent would not debar her from testifying. What-
ever the result of counsel's effort may have been in that
direction on the former trial, it would not afford any justifi-

cation for neglecting to take any action which he deemed
essential for the protection of his client at the trial then being
had before a different jury. The witness would have been
competent to testify unless, upon objection and after exam-
ination before the court, it had been determined that she was
incompetent. It will be noted that counsel for appellant
himself insisted that the witness could not testify because
the district attorney had charged that she was incompetent.
In this statement he was mistaken as to the law.

Alleged misconduct of the district attorney in his argu-
ment to the jury is assigned as ground for the claim of preju-
dicial error. It does not appear in the record as to what
the objectionable remarks of the district attorney were.
There are some specifications of error pointing to the alleged
misconduct, but none of the statements claimed to have been
made by the prosecuting officer are disclosed therein.

In the brief it is set forth that the court erred in the mak-
ing of several rulings as to the admission of testimony, but
beyond a statement in the form of a specification of error
simply, no argument appears in support of the objections
made. However, from an examination of the transcript, it
does not appear that the rulings complained of were im-
properly made. They deserve no further consideration.

Refusal to give several instructions offered on behalf of the
defendant is next complained of as amounting to an error
on the part of the trial court which resulted to the prejudice
of appellant. The instructions as given were very full and
complete in their statement of the law as applicable to the
particular case being considered. Some of the instructions
which were refused might properly have been given, but
their effect could not have been more than to add emphasis
to the propositions which were stated with sufficient clearness
in the body of the court's instructions.

We find no error in the record justifying an order of re-
versal in this case. The appellant appears to have been fairly
convicted and to be deserving of the punishment meted out to
him.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.