[Crim. No. 2866.   Third Dist.   Dec. 9, 1958.]

THE PEOPLE, Respondent, v. VIRGIL STILWELL, Appellant.

Harold L. Abbott for Appellant.

Edmund G. Brown, Attorney General, and G. A. Strader, Deputy Attorney General, for Respondent.

VAN DYKE, P. J.—Appellant was charged by information with the crime of violating Penal Code, section 261, subdivision 2, committed on or about the 19th day of October, 1957, in Lassen County. It was alleged that the appellant committed or performed an act of sexual intercourse accomplished with a female not the wife of the appellant and while said female was incapable through lunacy or other unsoundness of mind of giving legal consent. The case was tried to a jury which returned a verdict of guilty as charged and defendant appealed from the ensuing judgment.

The victim of the assault, aged 42, lived with an elderly woman who was partially paralyzed and unable to move after being placed in the bed. The victim slept in the same bed. The victim's aunt lived two doors away and there had been a bell installed in her bedroom electrically connected with the bedroom in which the victim slept. The push button was placed near the aged paralytic. The aunt was awakened by the bell and went toward the home of the two women. Upon entering it and turning on the light she saw appellant run past her around the foot of the bed. She grabbed him, but he shook himself loose and ran out. The aunt's husband observed an automobile speeding away. He identified it as appellant's automobile. The aunt observed the victim dressed only in the upper part of her pajamas. On examination she found the bed sheets to have been bloodied. The same was true of the lower part of the victim's body. Physical examination by a physician revealed that the upper part of the victim's thighs was swollen and reddened and the physician noted the presence of dried blood over the area. He found lacerations and tears of the hymeneal ring. From examination of the cervix he gave it as his opinion that the blood was not the result of menstruation, but came from injuries and lacerations in the vaginal area.

The sole contention on appeal is that the proof is insufficient to show the victim was incapable through lunacy or other unsoundness of mind of giving legal consent. Appellant contends that the evidence, although it shows that the victim was mentally deficient, was not sufficient to establish that degree of unsoundness of mind designated in the statute.

The statutory requirement is that the victim be incapable through lunacy or other unsoundness of mind, whether temporary or permanent, of giving legal consent. There was both expert and lay testimony that the victim was mentally deficient to a marked degree. She had never been able to get past the third grade in school and had not kept pace at all with the normal development undergone by children of her age. There was opinion evidence of an expert that she was a moron who had never gone beyond the mental age of 7 years; that she was of unsound mind, particularly that her mind had never developed; that with respect to her ability to distinguish between right and wrong she would have about the same powers as a child of 7 years. She was present in the courtroom during the trial and was under the observation of the jury. The evidence was amply sufficient to support the verdict. (*People* v. *Peery*, 26 Cal.App. 143 [146 P. 44] ; *People* v. *Boggs*, 107 Cal.App. 492 [290 P. 618] ; *People* v. *Griffin*, 117 Cal. 583 [49 P. 711, 59 Am.St.Rep. 216].)

There is grave reason to doubt that the notice of appeal was filed in time, and the People have moved to dismiss upon that ground. However, the record is not clear. Appellant claims to be illiterate and for that reason, and by reason of confinement pursuant to sentence, was unable to get his notice of appeal on file within the 10-day limit. Under the circumstances, we prefer to assume that the appeal was timely and to dispose of the issues presented therein upon the merits.

For the reasons given, the motion to dismiss the appeal is denied. The judgment is affirmed.

Peek, J., and Schottky, J., concurred.